|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| AMANDA RUSHING, et al.,            | Case No.: 3:17-cv-04419-JD |
|                Plaintiffs,         |                            |
|        v.                          | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR AWARDS OF ATTORNEYS' FEES, REIMBURSEMENTS OF EXPENSES, AND SERVICE AWARDS AS TO THE *DISNEY* ACTION** |
| THE WALT DISNEY COMPANY, et al.,   |                            |
|                Defendants.         |                            |

Having reviewed Plaintiffs' Motion for Awards of Attorneys' Fees, Reimbursement of Expenses, and Service Awards, and the documents submitted in support thereof, the Court now FINDS, CONCLUDES, and ORDERS as follows:

1. Plaintiffs commenced the above-caption action ("Action" or "*Disney* Action") against Defendants[1] (together with Plaintiffs, the "Parties") in 2017. The complaint alleges that Defendants (mobile gaming app developers and their advertising partners) created and embedded code in certain gaming apps for children—Princess Palace Pets and three versions of Where's My Water?—to exfiltrate personal data for commercial gain, including from children users. Plaintiffs further allege that Defendants' failure to obtain parental consent to collect and use that data constitutes an egregious violation of traditional social norms concerning privacy and children's vulnerability.

2. Plaintiffs and Class Counsel pursued, on behalf of putative classes of parents or guardians and their children, the following claims: (1) claims of intrusion upon seclusion and a constitutional right to privacy under California law; (2) a claim under Section 349 of the New York General Business Law; (3) a claim under the California Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200; and (4) a claim under Chapter 214, Section 1B of the Massachusetts General Laws. *See* Order re Mots. to Dismiss, *McDonald v. Kiloo A/S*, No. 3:17-cv-04344-JD ("*Kiloo*"), Dkt. 270.

3. After conducting extensive negotiations (with the assistance of Judge Jay Gandhi (Ret.) and Lexi W. Myer), the parties entered into five Class Action Settlement Agreements (the "Settlements") under Rule 23(b)(2) of the Federal Rules of Civil Procedure. *See Kiloo*, Dkt. 363 at 3-4. On September 24, 2020, this Court granted preliminary approval of the Settlements and conditionally certified the settlement classes under Rule 23(b)(2). *See Kiloo*, Dkt. 371.

---

[1] Specifically, Defendants are The Walt Disney Company, Disney Enterprises, Inc., and Disney Electronic Content, Inc. (collectively, "Disney"); Comscore, Inc. and Full Circle Studios, Inc. (collectively, "Comscore"); Twitter Inc. and MoPub, Inc. (collectively, "Twitter"); Unity Technologies SF ("Unity"); and Upsight, Inc. ("Upsight").

**Attorneys' Fees and Expenses**

4. Plaintiffs negotiated payment caps with each Defendant for reasonable attorneys' fees and expenses, as well as service awards, only after reaching agreement in principle to the core material terms of the injunctive relief. Because the Settlements do not create common funds, any awards of fees and expenses does not detract from the benefits received by class members.

5. In accordance with the Settlement terms, Plaintiffs filed a Motion for Awards of Attorneys' Fees, Reimbursements of Expenses, and Service Awards (*Kiloo*, Dkt. 372) ("Fee Motion"), seeking $2,405,000 in this Action ($2,167,670 in fees and $237,330 in expenses). Defendants did not oppose Plaintiffs' Fee Motion.

6. Plaintiffs' requests are summarized below, as to each Defendant in the Action:

**Table 1: Plaintiffs' Fee and Expense Requests**

| Defendant | Fee Request | Expense Request | Total Request | Payment Cap |
|---|---|---|---|---|
| Disney | $447,534 | $47,466 | $495,000 | $495,000 |
| Comscore | $337,534 | $47,466 | $385,000 | $385,000 |
| Twitter | $227,534 | $47,466 | $275,000 | $275,000 |
| Unity | $702,534 | $47,466 | $750,000 | $750,000 |
| Upsight | $452,534 | $47,466 | $500,000 | $500,000 |
| **Total** | **$2,167,670** | **$237,330** | **$2,405,000** | **$2,405,000** |

7. In a class action, a court may award reasonable attorneys' fees as authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). Where, as here, state substantive law applies, fees are to be awarded in accordance with state law. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Under California law, the lodestar method is "the primary method" for awarding attorneys' fees. *Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 26 (2000). Similarly, federal courts apply the lodestar method in class actions where a significant component of the relief obtained is injunctive in nature. *Yeagley v. Wells Fargo & Co.*, 365 F. App'x 886, 887 (9th Cir. 2010) (lodestar method appropriate where no common fund created); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under the lodestar method, courts multiply the number of hours reasonably expended by a reasonable hourly rate. *Hanlon*,

1    150 F.3d at 1029 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)); *Lealao*, 82 Cal. App. 4th at
2    26.

3        8.    Class Counsel's hours and rates are well documented, as presented in their
4    supporting declaration (*Kiloo*, Dkt. 372-1).  The Court finds that Class Counsel devoted a
5    reasonable number of hours to litigating this Action.  Further, as highly experienced litigators,
6    their hourly rates are "in line with those prevailing in the community for similar services by
7    lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11
8    (1984).  Here, the relevant community is the Northern District of California.  *See Lilly v. Jamba
9    Juice Co.*, No. 13-CV-02998-JST, 2015 WL 2062858, at *5 (N.D. Cal. May 4, 2015).  The rates
10   in this Action range from $615 to $975 for partners; $370 to $485 for associates and staff
11   attorneys; and $360 to $420 for paralegals and other support staff—in line with those prevailing
12   in this District.  *See e.g.*, *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018
13   WL 3960068, at *17 (N.D. Cal. Aug. 17, 2018) (approving rates of $400 to $970 for partners,
14   $185 to $850 for non-partner attorneys, and $95 to $440 for paralegals and other staff); *In re
15   Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC),
16   2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017).

17       9.    Class Counsel's reasonable lodestar amounts in this Action are justified in light of
18   the circumstances.  *First*, the principal factor to be considered, *i.e.*, the benefits obtained, weighs
19   in favor of granting the requested fee awards.  The Settlements represent strong, immediate
20   injunctive relief for class members and their children.  *Second*, this Action presented highly novel
21   and complex issues, both legally and factually.  *Third*, the Court finds that Class Counsel
22   adequately represented the interests of class members throughout the litigation.  *Fourth*, Class
23   Counsel prosecuted this Action on a purely contingent basis, despite the risk that they might
24   never be compensated.  Taken together, these considerations confirm the reasonableness of
25   Plaintiffs' request for attorneys' fees.  Accordingly, the Court approves attorneys' fees awards
26   from each Defendant in this Action, in the amounts reflected in Table 1, above.

27       10.   The Court further finds that Class Counsel are entitled to reimbursements of the
28   expenses they incurred investigating and prosecuting this matter.  *See Staton v. Boeing Co.*, 327

F.3d 938, 974 (9th Cir. 2003).  Through June 30, 2020, Class Counsel incurred $237,332.00 in the *Disney* Action in out-of-pocket litigation expenses for which they seek reimbursement.  The Court finds that these expenses were reasonably incurred and approves the reimbursements from each Defendant in this Action, in the amounts reflected in Table 1, above.

## Service Awards

11. The Settlements separately provide that each Defendant shall pay a portion of service awards of $2,500 to each Class Representative (*i.e.*, named Plaintiff) in this Action.

**Table 2: Plaintiffs' Service Award Requests**

| Class Representatives | No. of Defendants | Service Awards |
|---|---|---|
| Amanda Rushing, Ashley Supernault, Julie Remold, Ted Poon | 5 | $10,000 ($2,000 per Defendant) |

12. Service awards are "fairly typical" in class action cases and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).  "[I]n this district, a $5,000 incentive award is presumptively reasonable." *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 592 (N.D. Cal. 2015).

13. Having reviewed the record before it, the Court finds that the requested service awards are reasonable and warranted.  Each Class Representative devoted extensive time and energy to this Action, including providing information to support the complaints and Class Counsel's efforts throughout the litigation; staying engaged in and informed about the litigation; providing personal mobile devices to Class Counsel for discovery; making themselves available for deposition; and carefully reviewing and approving the Settlements after consulting with Class Counsel.  In addition, the Class Representatives played a unique and pivotal role by taking the extraordinary step of litigating issues involving their own children to gain privacy protections for others and their children.

1      14.   For the reasons set forth above, it is therefore ORDERED that in accordance with the terms of the Settlements, (i) Class Counsel be awarded **$2,405,000** in this *Disney* Action in reasonable attorneys' fees and expenses ($2,167,670 in fees and $237,330 in expenses), to be paid by the Defendants as reflected in Table 1, above; and (ii) the Class Representatives each receive payments of service awards in this Action, to be paid by the Defendants as reflected in Table 2, above.

15.   The Court will issue a separate order or orders as to fees, costs, and service awards sought from Defendants in the *Kiloo* action and the related action, *Rushing v. ViacomCBS Inc.*, No. 3:17-cv-04492-JD.

**IT IS SO ORDERED.**

Dated: _____          _____
                                  HON. JAMES DONATO
                                  United States District Judge